# Kellogg *v.* Budlong.

After verdict it is too late to object to the form of action.

It seems that an action for money had and received, is not the proper remedy against an attorney for collecting depreciated bank notes. *Case* would be the more appropriate form of action.

Where a variety of testimony is submitted to the jury, and no instruction asked of the court, or question of law raised, a new trial will not be granted, unless the preponderance of evidence against the verdict is very great.

IN ERROR from the circuit court of the county of Wilkinson.

WALKER, BOYD and MONTGOMERY, for plaintiff in error.
Cited : Principal and Agent, 232, 234; 1 Johns. Cases, 110, 113; 1 Caine's Rep. 539; 1 Metcalf's Rep. 159.

FARRISH and SIMRALL, *contra.*
Cited : 12 Wend. 512; 3 Bl. 13; 1 Sand. Pl. and Ev. 27; 1 Ld. Ray. 122; 12 Wend. 28; Graham's Practice, 513; 2 Strange, 1142; 1 Wilson, 39.

Mr. Justice CLAYTON delivered the opinion of the court.

This was an action of *indebitatus assumpsit* for money had and received, brought by Budlong against Kellogg, for a sum which he had collected as an attorney. The defendant pleaded *non-assumpsit* and payment, on which issues were taken. He also filed a special plea that he had received the amount in "Brandon Bank notes," and made a tender of them to the plaintiff. To this plea there was a demurrer, which was sustained, and leave given to plead over. An amended plea of the same kind was then filed, and after a second demurrer, which was overruled, issue was taken upon it. A farther plea was filed, that the Brandon

Kellogg *v.* Budlong.

notes were taken by the express authority of the plaintiff. Issue was likewise taken upon this.

There was no bill of exceptions filed on either side during the trial; every thing which was done by the court was acquiesced in; no instructions were asked, and the whole matter was submitted to the jury, who found for the plaintiff. A new trial was then asked for, which was refused, and a bill of exceptions taken, in which the whole evidence is embodied.

Upon the argument the point principally relied on for the reversal of the judgment was, that the action was misconceived. It was urged that an attorney could not be charged in this form, unless he had actually received money; that the plaintiff must either resort to his original rights upon the execution, or sue the attorney in a special action on the case. Wickliffe *v.* Davis, 2 J. J. Marshall, 71.

We have already decided at this term of the court, that no objection to the form of action can prevail after verdict. Cartwright *v.* Carpenter. See ante, p. 328. It would therefore be but a speculative inquiry, were we now to enter upon an examination of that point. It seems, however, to imply a kind of paradox, to sue for money had and received, where bank notes are taken, thus electing to treat them as money, and when they are tendered, by the plea to refuse them, on the ground that they are not money. To avoid this consequence, *case* might probably be the more appropriate form of action. But, as before stated, the question cannot now arise in this cause.

A good deal of evidence was submitted to the jury upon the trial; they passed upon it, as it was their peculiar province to do. No charge was asked of the court, and no point of law in any way reserved. Under these circumstances, unless the preponderance of evidence against the verdict was very great, we should not feel at liberty to disturb it. We do not regard this as a case of that character.

The judgment is therefore affirmed.